# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**CIRCADIANCE, LLC**

    **Plaintiff,**

**v.**               **CIVIL ACTION NO.  _____**


**REST DEVICES, INC.,**        **JURY TRIAL DEMANDED**
**d/b/a MIMO**

    **Defendants**


## COMPLAINT

Plaintiff Circadiance, LLC (hereinafter referred to as "Circadiance"), by counsel, and for its Complaint against Rest Devices, Inc. (hereinafter referred to as "Rest Devices"), alleges upon knowledge with respect to itself and its own acts, and upon information and belief with respect to all other matters, as follows:

### PARTIES

1.  Plaintiff Circadiance, LLC is a Pennsylvania limited liability company with a principal place of business located at 1300 Rodi Road, Turtle Creek, PA 15142.

2.  Upon information and belief, Defendant Rest Devices, Inc. is a Delaware corporation with its principal place of business located at 105 South Street, Boston MA 02111.


### JURISDICTION AND VENUE

3.  Subject matter jurisdiction over this action is conferred upon this Court: (i) pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. §§ 1114, 1121, and 1125(a) because, the suit

relates to a federal question concerning trademark rights under the Lanham Act;  (ii) pursuant to 28 U.S.C. §1367 over claims arising under the common law of the Commonwealth of Pennsylvania and flow from a common nucleus of facts; and (iii) 28 U.S.C. §1332 because the parties are of diverse citizenship, Delaware and Pennsylvania respectively, and the amount in controversy exceeds $75,000.

4.       This Court has personal jurisdiction over Defendant Rest Devices because Rest Devices has purposely availed itself to the forum by shipping its goods to be sold on store shelves within this District and having its goods sold on store shelves in this District. Rest Devices could have reasonably anticipated that its purposeful commercial activity within this forum could give rise to trademark infringement and other commercial injury related claims. As a result, since the claims of this suit arise out of foreseeable commercial injuries from Defendant Rest Devices purposeful conduct, this Court's exercise of jurisdiction over Rest Devices comports with traditional notions of fair play and substantial justice.

5.       Venue is properly laid in the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1391, in that Rest Devices is transacting business within this District; a substantial portion of the acts giving rise to the claims have occurred and continue to occur in this Judicial District; and the consumer market at issue in the claims is found within this District.

## Circadiance's Mark

6.       Circadiance is the owner of record for the federally registered trademark mark SMART MONITOR®. The SMART MONITOR® registration was applied for on June 1, 1990 and a certificate of registration was granted by United States Patent and Trademark Office on May 7, 1991 having the registration number 1,643,500. The SMART MONITOR® registration

is for "cardio-respiratory patient monitor" and has a date of first use at least as early as March of 1989. A true and correct copy of the certificate of registration is attached hereto as Exhibit A.

7.      The SMART MONITOR® mark has been in continuous use since the date of registration. The registration has been renewed twice with the United States Patent and Trademark Office on May 15, 2001 and May 9, 2011, respectively.

8.      On May 13, 1997, the United States Patent and Trademark Office acknowledged an Affidavit of Incontestability of the registration, rendering the registration incontestable under §15 of the Lanham Act (15 U.S.C. §1065).

9.      Circadiance uses the SMART MONITOR® mark in connection with its home monitoring device for monitoring of heart and respiration activity in infants and adults. Circadiance also uses the SMART MONITOR® mark in connection with a professional series heart rate, respiration and oxygen saturation monitor for use by health care professionals. The home use and professional series monitors are marketed throughout Pennsylvania, as well as nationally and internationally.

10.      Circadiance has expended substantial sums of money in advertising and promotion of the goods under the SMART MONITOR® mark, including but not limited maintaining Circadiance's own website, www.circadiance.com, which advertises the SMART MONITOR® brand cardio-respiratory monitors. As a result, the SMART MONITOR® mark has come to symbolize the valuable local and national market goodwill for the SMART MONITOR® brand cardio-respiratory monitors.

11.      On information and belief, Rest Devices markets infant movement and breathing monitors for home use. Rest Devices maintains a website marketing its infant movement and breathing monitors at www.mimobaby.com. On Rest Devices' website, they use in connection

with advertising their infant movement and breathing monitors the terms "Mimo Smart Baby Movement Monitor", "Mimo Smart Baby Monitor" and "Mimo Smart Monitor." A true and correct copy of a screen-shot of portions of Rest Devices' website are attached hereto as Exhibits "B" and "C".

12.    On information and belief, Rest Devices sells its infant movement and breathing monitors online though Amazon.com, Target.com and through Babies "R" Us at ToysRUs.com.

13.    On information and belief, Rest Devices uses the term "Mimo Smart Baby Monitor Starter Kit" in connection with its infant movement and breathing monitors on sale on target.com. A true and correct copy of a screen-shot of the target.com webpage selling Rest Devices' product is attached hereto as Exhibit "D".

14.    On information and belief, Rest Devices uses the term "Mimo Smart Baby Monitor Starter Kit" in connection with its infant movement and breathing monitors on sale on Babies "R" Us' toysrus.com webpage. A true and correct copy of a screen-shot of the toysrus.com webpage selling Rest Devices' product is attached hereto as Exhibit "E".

15.    On information and belief, Rest Devices uses the term "Mimo Smart Baby Monitor Refill Kit" in connection with accessories for its infant movement and breathing monitors on sale on amazon.com. A true and correct copy of a screen-shot of the target.com webpage selling Rest Devices' product is attached hereto as Exhibit "F".

16.    On information and belief, Rest Devices sells its infant movement and breathing monitors at Babies "R" Us "brick and mortar" stores located within the Commonwealth of Pennsylvania. On at least August 15, 2016 and September 10, 2016, the Babies "R" Us store located at 3700 William Penn Hwy, Monroeville, PA 15146 had Rest Devices' infant movement and breathing monitors on store shelves for sale as well as accessory items for the movement and

breathing monitors on sale. Rest Device's packaging currently on store shelves includes the terms "Mimo Smart Baby Monitor". A true and correct copy of a photograph of Rest Devices' packaging currently on store shelves is attached hereto as Exhibit "G".

**Prior notice to Rest Devices**

17.     On July 11, 2016 counsel for Circadiance wrote to Rest Devices informing them of the SMART MONITOR® mark and that Circadiance believed that Rest Devices' use of the terms "Mimo Smart Baby Movement Monitor", "Mimo Smart Baby Monitor" and "Mimo Smart Monitor" in connection with a respiratory monitor was confusingly similar to Circandiance's mark and constituted a violations of Circadiance's intellectual property rights. In the July 11, 2016 letter, Circadiance demanded that Rest Devices cease and desist its infringing conduct.

18.     Having received no response, in early August, David Groll, CEO of Circadiance, spoke with Thomas Lipoma at Rest Devices, regarding Circadiance's demand that Rest Devices cease and desist its infringing conduct.

19.     Rest Devices has not complied with Circadiance's demand. Accordingly, Circadiance has no choice but to proceed with the instant action.

**COUNT I
TRADEMARK INFRINGEMENT
UNDER SECTION 32 OF THE LANHAM ACT
(15 U.S.C. §1114)**

20.     Circadiance repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint.

21.     Circadiance is the owner of U.S. Trademark Registration No. 1,643,500, which is a live and incontestable registration under §15 of the Lanham Act.

22.     Without Circadiance's consent, Rest Devices is using in commerce, in connection with the sale of related goods, several marks that are confusingly similar to the SMART MONITOR® mark. The goods provided by Rest Devices are highly related, if not identical to the goods provided by Circadiance under the SMART MONITOR® mark, and are provided to the same consumers. Because of the similarity of Rest Devices marks with the SMART MONITOR® mark and the relatedness of the goods sold in connection with the marks, consumers are likely to be confused as to the source and/or affiliation of the goods being provided.

23.     The acts and omissions of Rest Devices were undertaken notwithstanding Circadiance's well-known and prior established rights in the SMART MONITOR® mark, with both actual and constructive notice of Circadiance's federal registration rights under 15 U.S.C. §1072, and willfully.

24.     As a direct and proximate result of these acts and omissions, Circadiance has suffered and will continue to suffer sever injuries and damage, to which cannot be reasonably or adequately measured or compensated in damages.

25.     Unless enjoined and restrained by this Court, Rest Devices will continue to infringe Circadiance's registered mark, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford Circadiance adequate relief for the damage to its marks in the public perception.

## COUNT II
## FALSE DESIGNATION OF ORIGIN
## UNDER SECTION 43(a) OF THE LANHAM ACT
## (15 U.S.C. §1125(a)(1))

26.   Circadiance repeats and realleges each and every allegation contained in paragraphs 1 through 25 of this Complaint.

27.   Rest Devices is using in commerce, in connection to the sale of related goods, several words, terms and names that are confusingly similar to the SMART MONITOR® mark and likely to cause confusion as to the affiliation, connection, association and/or origin of Rest Device's goods with Circadiance and the SMART MONITOR® brand.

28.   As a direct and proximate result of these acts and omissions, Circadiance has suffered and will continue to suffer severe injuries and damage, which cannot be reasonably or adequately measured or compensated in damages.

29.   Unless enjoined and restrained by this Court, Rest Devices will continue to infringe Circadiance's registered mark, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford Circadiance adequate relief for the damage to its marks in the public perception.

## COUNT III
## DILUTION OF REGISTERED TRADEMARK
## UNDER SECTION 43(c) OF THE LANHAM ACT
## (15 U.S.C. §1125(c))

30.   Circadiance repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this Complaint.

31.   Without Circadiance's consent, Rest Devices is using in commerce , in connection to the sale of related goods, several marks that are confusingly similar to the SMART

7

MONITOR® mark. The goods provided by Rest Devices are highly related, if not identical to

the goods provided by Circadiance under the SMART MONITOR® mark, and are provided to

the same consumers. Because of the similarity of Rest Devices marks with the SMART

MONITOR® mark and the relatedness of the goods sold in connection with the marks, there

exists a likelihood of dilution of the SMART MONITOR® mark.

32.   The SMART MONITOR® mark is a famous mark as defined in 15 U.S.C.

§1125(c)(2).

33.   As a direct and proximate result of Rest Devices dilution of the SMART

MONITOR® mark, Circadiance is entitled to an injunction against Rest Devices conduct

pursuant to 15 U.S.C. §1125(c)(1).

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

34.   Circadiance repeats and realleges each and every allegation contained in

paragraphs 1 through 33 of this Complaint.

35.   Circadiance has used the SMART MONITOR® mark in commerce in connection

with cardio-respiratory monitors within the Commonwealth of Pennsylvania, thereby

establishing common law trademarks rights.

36.   Without Circadiance's consent, Rest Devices is using in commerce, in connection

to the sale of related goods within Pennsylvania, several marks that are confusingly similar to the

SMART MONITOR® mark. The goods provided by Rest Devices are highly related, if not

identical to the goods provided by Circadiance under the SMART MONITOR® mark, and are

provided to the same consumers. Because of the similarity of Rest Devices marks with the

SMART MONITOR® mark and the relatedness of the goods sold in connection with the marks,

8

consumers are likely to be confused as to the source and/or affiliation of the goods being provided.

37.     As a direct and proximate result of these acts and omissions, Circadiance has suffered and will continue to suffer sever injuries and damage to its goodwill within Pennsylvania consumers, to which cannot be reasonably or adequately measured or compensated in damages.

38.     Unless enjoined and restrained by this Court, Rest Devices will continue to infringe Circadiance's registered mark, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford Circadiance adequate relief for the damage to its marks in the public perception.

**COUNT V**
**COMMON LAW UNFAIR COMPETITION**

39.     Circadiance repeats and realleges each and every allegation contained in paragraphs 1 through 38 of this Complaint.

40.     Rest Devices is using in commerce, in connection to the sale of related goods within Pennsylvania, several words, terms and names that are confusingly similar to the SMART MONITOR® mark and likely to cause confusion as to the affiliation, connection, association, origin and constitutes actionable passing off of Rest Device's goods with Circadiance and the SMART MONITOR® brand.

41.     As a direct and proximate result of these acts and omissions, Circadiance has suffered and will continue to suffer sever injuries and damage, to which cannot be reasonably or adequately measured or compensated in damages.

42.    Unless enjoined and restrained by this Court, Rest Devices will continue to cause Pennsylvania consumer confusion, deception and mistake, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford Circadiance adequate relief for the damage to its marks in the public perception.

**[Remainder of Page Intentionally Left Blank]**

## PRAYER FOR RELIEF

**WHEREFORE, Circadiance LLC, prays for judgment as follows:**

A)   **a permanent injunction pursuant to 15 U.S.C. §1116 and the common law, prohibiting Rest Devices from using Circandiance's mark or any term, name, or word confusingly similar to the SMART MONITOR® mark, including but not limited to  "Mimo Smart Baby Movement Monitor", "Mimo Smart Baby Monitor" and "Mimo Smart Monitor";**

B)   **a judgment awarding Rest Devices' profits, damages and the costs of this action sustained by Circadiance due to Rest Devices' Federal and common law trademark infringement, false designation of origin and unfair competition;**

C)   **an order for an accounting of Defendants' revenue during the applicable time period;**

D)   **a finding of willful and intentional violations making this an "exceptional case" eligible for enhanced and punitive damages where authorized;**

E)   **an award of reasonable attorneys' fees and costs; and**

F)   **any other and further relief this Court may deem just and proper.**


**A JURY TRIAL IS DEMANDED.**


Dated: October 10, 2016                    **Ronald Law Group, LLC**


/s/ samuel i. yamron

Carl A. Ronald (PA Bar No. 81444)
Samuel I. Yamron (PA Bar No. 280321)
2740 Smallman Street
Suite 2000
Pittsburgh, PA 15222
(412) 532-8200
carl@ronaldiplaw.com
sam@ronaldiplaw.com